**SYNOVUS TRUST COMPANY, N.A., as the Guardian of the Property of Benjamin Guthrie Milton, and Denese M. Davis, Individually, and as Parent of Benjamin Guthrie Milton, a Minor, Plaintiffs,**

v.

**HONDA MOTOR COMPANY, LTD.; American Honda Motor Co., Inc.; and Honda R & D Co., Ltd., Defendants.**

**No. 4:03–CV–140–2(CDL).**

United States District Court,
M.D. Georgia,
Columbus Division.

Aug. 18, 2004.

---

James E. Butler, Jr., Dustin T. Brown, Peter J. Daughtery, Mark Stephen Hyles, Matthew E. Cook, Columbus, GA, for Plaintiffs.

Richard A. Brown, Jr., Brunswick, GA, Paul G. Cereghini, William F. Auther, Thomas C. Howard, Phoenix, AZ, for Defendants.

## ORDER

LAND, District Judge.

Defendants in the above captioned products liability action failed to make a timely demand for a jury trial as required by Rule 38 of the Federal Rules of Civil Procedure.[1] Having only recently become aware of their mistake, Defendants move this Court pursuant to Rule 39(b) of the Federal Rules of Civil Procedure for a jury trial on all issues in this case.[2] Plaintiffs oppose Defendants' tardy request for a jury trial.

■ It is undisputed that Defendants' request for a jury trial is untimely. Defendants were obligated under the Federal Rules of Civil Procedure to make a demand for jury trial within ten days of filing their Answer. Fed.R.Civ.P. 38(b).[3] Due to his erroneous assumption that Plaintiffs had demanded a jury trial, Defendants' counsel candidly admits that he simply failed to make a timely demand. While not condoning counsel's failure to follow the rules, the Court does find that Defendants' counsel, at least since the date of the Court's Pretrial Order of July 1, 2004, was reasonably justified in his expectation that this case would be tried to a jury. The Court certainly shared this expectation.

Although a demand for a jury trial complying with the requirements of Rule 38 was never made, Plaintiffs made a "demand for a jury trial" on the civil action cover sheet they filed with their original Complaint. Furthermore, in its July 1, 2004 Order, the Court required the parties to make submissions and present a proposed pretrial order that clearly contemplated that this case would be tried before a jury.[4] Finally, comments at the

---

1. Rule 38 provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed.R.Civ.P. 38(a). Rule 38 further provides that a demand for jury trial shall be made "not later than 10 days after the service of the last pleading directed to [the issue for which demand is made] ...." Fed.R.Civ.P. 38(b). "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d).

2. Rule 39(b) provides in relevant part that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b).

3. Defendants answered Plaintiff's Amended Complaint on January 23, 2004. Defendants made their first demand for a jury trial in the pending motion, which was filed on August 16, 2004.

4. For example, that Order required the parties to file "proposed voir dire questions for prospective jurors" and to file "proposed requests to charge the jury." Court's Order of July 1, 2004 at 3, ¶¶ 6(f)-(g). Furthermore, the "form order" at-

hearing on August 2, 2004, clearly reflected the Court's understanding that the case would be tried to a jury.[5] In light of every indication that this case would be tried before a jury, the Court quite frankly is mystified as to why Plaintiffs did not mention previously their position that the case should proceed as a bench trial.

Notwithstanding Defendants' admittedly tardy request for a jury trial, the Court finds that Defendants' motion should be granted. Preliminarily, the Court notes that Plaintiffs had a right to a jury trial in this case under the Seventh Amendment. *See* U.S. Const. amend. VII. The issue is whether they waived that right by not making a timely demand. The Eleventh Circuit Court of Appeals has explained that a trial court should evaluate the following five factors when considering an untimely request for a jury trial:

> (1) [W]hether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983).

The Court finds that the issues presented in this case are better suited for resolution by twelve citizens than by a single government employee. Issues of negligence, product defect, contributory negligence, and damages present unique facts that are particularly well suited for evaluation by members of the community using their common experiences and wisdom. The Court does not share Plaintiffs' counsel's concern that this case is too complex for an average jury. The genius of our judicial system is that we trust our fellow citizens to make such important decisions. The Court further finds that permitting a jury trial would not result in a disruption of the Court's schedule given the

fact that until a few weeks ago the Court was under the impression that the case would be tried by a jury and had made accommodations in its schedule. The Court also finds that granting the motion should not result in a disruption of Plaintiffs' schedule or in substantial prejudice to Plaintiffs. To minimize any prejudice, the Court will continue this case to its next term of Court upon motion by Plaintiffs. All of the above factors favor the granting of Defendants' Motion for Jury Trial.

The only factors favoring the denial of Defendants' motion are the length of Defendants' delay in requesting a jury trial and Defendants' lack of a good excuse for their tardiness. The Court finds that upon recognizing that he had failed to request a jury trial, counsel for Defendants promptly filed the present motion. Furthermore, any delay in making a demand since July 1, 2004 was arguably justifiable, since the Court's actions clearly indicated to the parties that it intended to try this case to a jury. Taking all of these factors into consideration, the Court finds that strong and compelling reasons do not exist to deny Defendants' their constitutional right to have their case heard by a jury.

■ In conclusion, the Court observes that it does not reach the foregoing conclusion hastily. It expects litigants in its Court to follow the rules. However, the Court considers the right to trial by jury to be a fundamental principle upon which the American justice system was founded. Our forefathers did not view it as a "mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 2538–39, 159 L.Ed.2d

---

tached to the July 1 Order specifically states "PROPOSED PRETRIAL ORDER–JURY."

**5.** The Court remarked in jest at the conclusion of the August 2 hearing, "the only other thing is that we'll try to have the air-conditioner fixed for the next time we meet, and I can assure you that with the jury in here it will not be this warm. We will have things taken care of for the jury's sake, if not for yours." August 2, 2004 Hr'g Tr. at 72.

403 (2004).[6] The right to trial by jury should not be deemed waived absent exceptional circumstances. Our forefathers found this right so fundamental that they protected it from being taken away at the whim of the legislature or the executive. This Court likewise finds it so fundamental that it should not be forfeited based solely upon an honest mistake by counsel.

Based on the foregoing, Defendants' Motion for a Jury Trial is granted.[7]

6. The intent of our founding fathers to establish and preserve the right to trial by jury is undisputed. See *Blakely*, —— U.S. at ——, 124 S.Ct. at 2539 (citing Letter XV by the Federal Farmer (Jan. 18, 1788), *reprinted in* 2 The Complete Anti–Federalist 315, 320 (H. Storing ed.1981) (describing the jury as "secur[ing] to the people at large, their just and rightful control in the judicial department"); John Adams, Diary Entry (Feb. 12, 1771), *reprinted in* 2 Works of John Adams 252, 253 (C. Adams ed. 1850) ("[T]he common people should have as complete a control ... in every judgment of a court of judicature" as in the legislature); Letter from Thomas Jefferson to the Abbe Arnoux (July 19, 1789), *reprinted in* 15 Papers of Thomas Jefferson 282, 283 (J. Boyd ed. 1958) ("Were I called upon to decide whether the people had best be omitted in the Legislative or Judiciary department, I would say it is better to leave them out of the Legislative"); *Jones v. United States*, 526 U.S. 227, 244–48, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

7. To minimize any prejudice to Plaintiffs due to their preparation of this case for a bench trial rather than a jury trial, the Court will grant a Motion for Continuance if it is filed by Plaintiffs prior to August 27, 2004. Any continuance will continue the case until the Court's March 2005 term of court.